UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

OLIVER M. HOPKINS and  
MARY L. HOPKINS  

    v.                                     C.A. No. 09-181S

BUFFALO PUMPS, INC.,  
et al.

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

      Pending before the Court is Plaintiffs' Motion to Remand (Document No. 6) this asbestos case to state court. Defendant Foster Wheeler LLC ("FW") opposes remand. (Document No. 7). On June 24, 2009, District Judge Smith referred Plaintiffs' Motion to me for a report and recommendation. A hearing was held on July 29, 2009. For the reasons outlined below, I recommend that Plaintiffs' Motion to Remand be GRANTED.

    **Background**

      Plaintiffs filed suit in Superior Court on February 27, 2009 against FW and four other defendants. FW was served on March 17, 2009. FW removed the case to this Court on April 16, 2009. Plaintiffs allege that Mr. Hopkins "contracted asbestos-related mesothelioma and/or other asbestos-related pathologies" due to exposure to Defendants' asbestos-containing products. The Complaint in paragraph 5 alleges that Mr. Hopkins "was exposed to various asbestos containing products through the use of products manufactured, sold or distributed by the named defendants with such exposure as to these named defendants' products occurring as a laborer and maintenance worker at Mobil Oil from 1946 – 1966 and Tucson Gas & Electric...from 1966 – 1979." The Complaint does not include any further detail as to the particular products in issue or Mr. Hopkins' work history.

      At some point prior to serving FW with their Complaint, Plaintiffs served Defendants in the state

court action with discovery responses which included a document identified as "Plaintiff's Exhibit A: Exposure Chart." The chart contains a detailed chronology of Mr. Hopkins' employment history from 1941 to 1981. In the chart, Plaintiffs indicate that Mr. Hopkins was exposed to asbestos-containing products while employed with New York Shipbuilding in Camden, New Jersey from 1942 to 1944. Plaintiffs generally identify the products in issue (including boilers, insulation, pumps, turbines, etc.) and names four Naval combat ships (cruisers and carriers) he worked on at New York Shipbuilding by name, hull code and number (e.g., USS Santa Fe (CL-60)). Mr. Hopkins also alleges exposure while working in maintenance at a Mobil Oil refinery from 1946 to 1966 and for Tucson Gas & Electric from 1966 to 1981.

FW removed Plaintiffs' Complaint to this Court based on the so-called federal officer removal statute. 28 U.S.C. § 1442. In its Notice of Removal (paragraph 6), FW indicated that the "basis for removal is that, in the manufacture and sale of boilers and auxiliary equipment for the Navy,...[FW] was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1)." (Document No. 1, ¶ 6). FW also asserted that it "manufactured the economizers" on the four Navy Ships identified in the exposure chart. Id.

**Discussion**

Plaintiffs challenge FW's removal on two grounds. First, Plaintiffs argue that FW's removal was untimely.[1] Second, Plaintiffs argue that they have not asserted any claims against FW for actions taken at the behest of a Federal Agency or Officer, and thus there is no basis for removal under 28 U.S.C. § 1442.

    **A.    Federal Officer Removal**

---

[1] Since I find Plaintiffs' second argument for remand to be conclusive, I will not specifically address Plaintiffs' timeliness argument other than to note that FW removed within thirty days of service. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (thirty-day removal period begins to run at time of formal service of complaint).

Section 1442(a)(1), 28 U.S.C., provides federal subject matter jurisdiction over claims against "any officer (or any person acting under that officer) of the United States or of any agency thereof...for any act under color of such office...." This grant of federal jurisdiction has been construed to extend to federal contractors acting pursuant to "reasonably precise" government specifications. See Boyle v. United Tech. Corp., 487 U.S. 500, 511-512 (1988). Although FW bears the burden of establishing a legal basis for federal officer removal, BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 821 (1st Cir. 1997), the Supreme Court has cautioned that the policy favoring federal officer removal "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." Willingham v. Morgan, 395 U.S. 402, 407 (1969).

In Mesa v. California, 489 U.S. 121 (1989), the Supreme Court established a three-part test for removal pursuant to 28 U.S.C. § 1442(a)(1). A federal contractor seeking federal officer removal must demonstrate that (1) it was acting under the direction of a federal officer; (2) it has a colorable federal defense; and (3) that there is a causal connection between the acts taken under federal direction and a plaintiff's claim(s) against it. See Holdren v. Buffalo Pumps, Inc., 614 F. Supp. 2d 129, 139-140 (D. Mass. 2009). One Court has aptly summed up the test as the "Navy made me do it" defense. Westbrook v. Asbestos Defendants (BHC), 2001 WL 902642 at *3 (N.D. Cal. 2001).

FW seeks removal on the basis that it manufactured marine boilers and auxiliary equipment for use on Navy ships pursuant to contracts and specification executed by the U.S. Navy. In particular, FW asserts that it manufactured the economizers on the Navy ships identified in Plaintiffs' exposure chart. Plaintiffs' response is simple. They assert that they have not asserted any claim against FW involving any of the equipment installed on the Navy ships in question and that their Complaint (¶ 5) "by its very language specifically limits itself to any alleged exposure arising out of products present at Mobil Oil and Tuscon Gas & Electric." (Document No. 6-2 at p. 7).

Plaintiffs' Complaint "expressly excludes any Claim for exposure to any products manufactured, sold, or distributed by [FW] at any...location" other than Mobil Oil from 1946 to 1966 and Tuscon Gas & Electric from 1966 to 1979. Complaint, ¶ 5. In other words, Plaintiffs are excluding any claims for exposure while working with FW's products on Naval ships at New York Shipbuilding from 1942 to 1944. Thus, the issue presented is whether Plaintiffs' disclaimer precludes federal officer removal. In other words, can FW remove based on a colorable federal defense to a claim(s) that Plaintiffs have deliberately chosen not to plead against FW? I conclude that the answer is no.

FW correctly argues that the well-pleaded complaint rule[2] applicable to federal question removal does not apply to federal officer removal. See Jefferson County v. Acker, 527 U.S. 423, 430-431 (1999). Rather, removal under § 1442(a)(1) is premised on the existence of a federal defense irrespective of how a plaintiff pleads his or her case. See Machnik v. Buffalo Pumps, Inc., 506 F. Supp. 2d 99, 103 n.1 (D. Conn. 2007). Thus, asbestos plaintiffs' attempts at artful pleading to circumvent federal officer removal by the use of general disclaimers have generally failed. See, e.g., Despres v. Ampco-Pittsburgh Corp., 577 F. Supp. 2d 604, 607-608 (D. Conn. 2008); and Oberstar v. General Electric Co., CV 08-118PA (C.D. Cal. Feb. 11, 2008) (copy included in record as Document No. 7-10).

This case does not, however, involve a general disclaimer. Unlike the cases cited by FW (Document No. 7 at pp. 15-19), Plaintiffs have specifically limited their asbestos exposure claim to two locations and time frames – Mr. Hopkins' employment at Mobil Oil from 1946 to 1966 and at Tucson Gas & Electric from 1966 to 1979. Complaint, ¶ 5. They have expressly excluded exposure claims "at any other location" which would encompass Mr. Hopkins' work on Navy ships at New York shipbuilding from 1942 to 1944.

---

[2] The well pleaded complaint rule applies to federal question removal under 28 U.S.C. § 1441. See Narragansett Indian Tribe v. State of Rhode Island, 296 F. Supp. 2d 153, 159 (D.R.I. 2003). It provides that the federal question upon which removal is premised must be ascertainable on the face of the complaint and "cannot arise merely as a defense." Id.

In <u>Westbrook v. Asbestos Defendants (BHC)</u>, 2001 WL 902642 at **3-4 (N.D. Cal. 2001), the Court granted an asbestos plaintiff's motion to remand based on the existence of a written disclaimer of claims arising out of work done on federal job sites and vessels. The Court concluded that the waiver "eviscerated" the military contractor's ground for removal and saw "no reason not to hold plaintiffs...to their waiver...." <u>Id.</u> at *3. The Court also reasoned that if the plaintiffs later attempted to reverse course, the military contractor could "always file for removal once again." <u>Id.</u> See also <u>Overly v. Raybestos-Manhattan</u>, 1996 WL 532150 (N.D. Cal. 1996) (remand granted based on asbestos plaintiff's written waiver of design defect claims); and <u>Sheppard v. Northrop Grumman Sys. Corp.</u>, 2007 WL 1550992 (E.D. La. 2007) (remand granted based on asbestos plaintiff's disclaimer in complaint of any claims due to exposure in a federal enclave or caused by any acts or omissions of party committed at the direction of a federal officer).

I find the reasoning of the <u>Westbrook</u> case to be persuasive. Plaintiffs here, as in <u>Westbrook</u>, disclaimed claims against FW arising out of work on Navy ships. FW is correct that the focus should be on the existence of a colorable federal defense and not on Plaintiffs' Complaint. However, FW premised removal on the assumption that Plaintiffs were suing, at least in part, for claimed exposure to asbestos for work on Navy ships at New York Shipbuilding. Plaintiffs' Complaint (¶ 5) makes clear that their claim is limited to specific locations other than New York Shipbuilding. Thus, Plaintiffs are not pursuing a claim against which FW has shown the existence of a colorable federal defense. As noted by the Court in <u>Westbrook</u>, if Plaintiffs reverse course in the future and attempt to assert a claim based on claimed exposure at New York Shipbuilding, FW can file a renewed notice of removal under 28 U.S.C. § 1442 at that time.

Finally, FW's reliance on the <u>Oberstar</u> case warrants brief comment. Although the Court in <u>Oberstar</u> denied the asbestos plaintiff's motion to remand, the facts are plainly distinguishable. In

Oberstar, the plaintiff's disclaimer carved out an exception for exposure on U.S. Navy vessels and thus a colorable federal defense remained.  Here, Plaintiffs' disclaimer is specific and expressly limits the exposure claims to locations other than New York Shipbuilding where Mr. Hopkins worked on Navy ships.  In fact, the Court in Oberstar specifically distinguished that case from Westbrook by noting that the plaintiff in Westbrook had clearly disclaimed claims arising out of work done on Navy ships.  Oberstar is distinguishable from this case for the same reason.

      **B.**      **Cross-claim Argument**

At the hearing on Plaintiffs' Motion to Remand, FW, for the first time, argued that federal officer removal was proper because it has a colorable federal defense against the cross-claim of Defendant P.I.C. Contractors, Inc.  FW's counsel provided three case citations to the Court.  None were asbestos cases and only one (Mortgage Elec. Registration Sys., Inc. v. Rothman, 2005 WL 497794 (N.D. Ill. 2005)) involved removal under 28 U.S.C. § 1442 by a cross-defendant.

FW did not raise the cross-claim argument in its Memorandum of Law in Opposition to Plaintiffs' Motion to Remand.  See Document No. 7.  However, this Court's Local Rules (LR Cv 7(b)(1)) require that a party opposing a motion file both an objection and an accompanying memorandum of law which sets forth "the reasons for the objection and applicable points and authorities supporting the objection."  FW's failure to raise the cross-claim argument in its opposition violates the Local Rule.  In addition, it deprived Plaintiffs of fair notice, i.e., the ability to review and respond to the argument in either a reply brief (LR Cv 7(b)(2)) or during argument on the Motion.  It also deprived the Court of any opportunity to consider the argument prior to the hearing and to intelligently address any questions or concerns to FW's counsel about the argument.  Finally, FW did not provide a copy of the P.I.C. Contractor's cross-claim to the Court upon which it relied.  FW indicated that it was the "model cross-claim" used in such asbestos cases and referred me to the state court record.  However, the state court

record filed by FW (Document No. 4) does not reflect that P.I.C. appeared and answered as of that date, never mind cross-claimed. As an attachment to the Superior Court Civil Docket Sheet, FW filed a single document – co-Defendant Buffalo Pumps' Answer and Cross-claim. (Document No. 4-2). Although Buffalo Pumps' Cross-claim adopts the "model cross-claim," there is no copy of the actual Cross-claim of any defendant on file in this Court to review in connection with this untimely argument.

Under the circumstances, I conclude that FW has waived its cross-claim argument by failing to raise it in its Memorandum in Opposition. See Vineberg v. Bissonnette, 529 F. Supp. 2d 300, 305-306 (D.R.I. 2007) (holding defense waived when party failed to adequately develop and argue the defense in its memorandum in opposition); and Westenfelder v. Ferguson, 998 F. Supp. 146, 157 n.16 (D.R.I. 1998) (argument not addressed in post-hearing memorandum is waived). Cf. Peca v. Delta Air Lines, Inc., 2000 WL 914112 (W.D.N.Y. 2000) (court refused to consider arguments first raised in a reply brief). By raising the issue for the first time during oral argument and by failing to even provide the Court with a copy of the cross-claim relied upon, FW has failed to adequately raise and develop the cross-claim argument. Furthermore, Plaintiffs were deprived of fair notice of the argument and the opportunity to prepare rebuttal in either a reply brief or during oral argument. Finally, FW did not provide any explanation as to why the cross-claim argument was not included in its Memorandum in Opposition, and it did not seek leave under LR Cv 7(b)(3) to file a supplemental memorandum. Accordingly, the cross-claim argument has been waived by FW.

**Conclusion**

For the reasons stated herein, I recommend that Plaintiff's Motion to Remand (Document No. 6) be GRANTED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the

District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 5, 2009