UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

OLIVER M. HOPKINS and )
MARY L. HOPKINS, )
     Plaintiffs, )
 )
   v. )   C.A. No. 09-181 S
 )
BUFFALO PUMPS, INC., et. al, )
     Defendants. )
 )
 )

OPINION AND ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant Foster Wheeler's ("FW") Objection to the Report and Recommendation issued by Magistrate Judge Almond on August 5, 2009, which recommends that Plaintiffs', Oliver and Mary Hopkins, Motion to Remand be granted. As discussed below, the Court accepts and adopts the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Plaintiffs' Motion to Remand is granted.

I.   Background[1]

Plaintiffs, husband and wife, brought an action in the Superior Court against Defendant FW and four other defendants. Plaintiffs claim that Oliver Hopkins ("Hopkins") contracted asbestos-related mesothelioma due to exposure to Defendants' asbestos-containing products. Plaintiffs' complaint alleges in

---

[1] The facts and travel of the case are largely taken from Magistrate Judge Almond's Report and Recommendation.

paragraph 5 that Hopkins "was exposed to various asbestos containing products through the use of products manufactured, sold or distributed by the named defendants with such exposure as these named defendants' products occurring as a laborer and maintenance worker at Mobil Oil from 1946-1966 and Tucson Gas & Electric . . . from 1966-1979." Plaintiffs' complaint does not include further details as to the products in issue or to Hopkins' work history.

Although Defendant FW was served on March 17, 2009, at some point prior, Plaintiffs served all Defendants with discovery responses detailing Hopkins' employment history. The response included "Plaintiff's Exhibit A: Exposure Chart" which indicated that Hopkins was exposed to asbestos-containing products from 1942 to 1944 while he was employed with New York Shipbuilding in Camden, New Jersey.

FW removed the case to this Court on April 16, 2009, based upon 28 U.S.C. § 1442, the federal officer removal statute. FW asserted that it "manufactured the economizers" on four of the Navy Ships identified in Plaintiffs' exposure chart and that it was "acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1)." The day before the removal, on April 15, 2009, a cross-claim was filed in the state court by Defendant P.I.C. Contractors, Inc. ("PIC"), but in transferring the record to this Court, the state court (for unknown reasons) did not

include the cross-claim in the file.  Defendant PIC's cross-claim

provides:

> If the defendants/crossclaim plaintiff is found to be
> liable to plaintiffs, which liability is expressly denied
> in that case, the crossclaim plaintiff alleges that the
> plaintiffs' disease and injuries was caused in whole or
> in part by exposure to products negligently or otherwise
> tortiously manufactured, produced, marketed, sold,
> distributed, and/or supplied by each and every crossclaim
> defendant, their predecessors and successors in interest.
> (Defendant Foster Wheeler's Objection to the R&R, Exhibit
> 2).

Plaintiffs filed a Motion to Remand on May 15, 2009, which

Magistrate Judge Almond recommended granting on August 5, 2009,

because the Complaint specifically disclaimed Plaintiffs' work

aboard Navy Ships.  In the Report and Recommendation, Judge Almond

found that FW failed to raise its removal argument based on the

cross-claim, and that the argument was waived.

## II.  Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a District

Court may refer pretrial matters to a Magistrate Judge for review.

If the pretrial motion is dispositive, pursuant to 28 U.S.C. §

636(b)(1)(B), the Magistrate Judge is to file proposed findings and

recommendations which the District Court reviews de novo. Fed. R.

Civ. P. 72(b).  If the pretrial motion is non-dispositive, pursuant

to 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge may determine the

matter by order which is appealable under the clearly erroneous or

contrary to law standard of review.  Fed. R. Civ. P. 72(a).

Section 636(b)(1)(A) provides a list of eight pretrial motions that

3

the District Court may refer to a Magistrate Judge for proposed findings and recommendations:

> a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A).

The First Circuit has specifically declined to address the issue of whether a motion to remand is dispositive or non-dispositive within the context of Rule 72. See Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993); Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13 (1st Cir. 1992). However, several District Courts and Magistrate Judges within the circuit have found that a motion to remand is a non-dispositive matter under Rule 72(a). See Delta Dental of R.I. v. Blue Cross & Blue Shield of R.I., 942 F. Supp. 740, 746 (D.R.I. 1996); Stefanik v. City of Holyoke, 597 F. Supp. 2d 184, 185-86 (D. Mass. 2009); BMJ Foods Puerto Rico, Inc. v. Metromedia Steakhouses Co., 562 F. Supp. 2d 229, 231 (D.P.R. 2008). The Second, Third, Sixth and Tenth Circuits have concluded otherwise, finding that a motion to remand is a dispositive matter for which a Magistrate Judge may offer a recommendation subject to de novo review. See Williams v. Beemiller, Inc., 527 F.3d 259, 264-66 (2d Cir. 2008); Vogel v. U.S. Office Prods. Co., 258 F.3d 509, 514-17 (6th Cir.

2001); <u>First Union Mortgage Corp. v. Smith</u>, 229 F.3d 992, 994-97 (10th Cir. 2000); <u>In re U.S. Healthcare</u>, 159 F.3d 142, 145-46 (3d Cir. 1998). This Court does not need to resolve the issue. In <u>Lancellotti v. Fay</u>, 909 F.2d 15, 17 n.2 (1st Cir. 1990) the First Circuit held that when all parties "acquiesced" to the Magistrate Judge issuing a Report and Recommendation for a Rule 11 Motion, the Court could proceed on a *de novo* review without addressing whether Rule 11 motions were dispositive or non-dispositive within the context of Rule 72 and 28 U.S.C § 636. Similarly, in <u>Plante v. Fleet Nat'l Bank</u>, 978 F. Supp. 59, 64-65 (D.R.I. 1997), Judge Lagueux of this Court held that the Court could proceed with a *de novo* review of a motion to remand because the Magistrate Judge issued a report and recommendation, rather than an order, and neither party objected to such treatment.

At the hearing, the Court questioned whether the motion to remand should be treated as dispositive or non-dispositive. Neither party offered a position and neither party objected to the Magistrate Judge issuing a Report and Recommendation rather than an Order either in papers filed or at oral argument. The Court noted that, since Magistrate Judge Almond issued a Report and Recommendation, the Court would proceed with a *de novo* review of the matter and neither party objected. Therefore, this Court will

conduct a *de novo* review of Magistrate Judge Almond's Report and Recommendation.[2]

## III. Analysis

At the hearing before Magistrate Judge Almond, Defendant FW, for the first time, argued that removal was proper because FW had a colorable federal defense to the cross-claim filed by Defendant PIC. However, Magistrate Judge Almond found that FW's failure to raise the cross-claim argument in its Memorandum of Law in Opposition to Plaintiffs' Motion to Remand violated the Court's Local Rules and waived the argument before the Court. See LR Cv 7(b)(1). In objecting to the Report and Recommendation before this Court, FW argues that its reason for removal is based upon a colorable federal officer defense and that the issue of the cross-claim was not an additional basis for removal, but was another claim to which Defendant FW would have a colorable federal officer defense. Additionally, FW argues that the District Court may review a matter at any time to determine subject matter jurisdiction, *sua sponte* if necessary. See Int'l Union of

---

[2] After argument, Plaintiffs apparently re-thought the matter and filed a "Post-Hearing Memorandum in Support of Magistrate's Recommendation to Remand," arguing the motion to remand is a non-dispositive motion not subject to de novo review by the District Court and that, in the event the Court reviews the matter, the standard of review should be clearly erroneous. Since this issue was not raised by the Plaintiffs in their Reply to Defendant's Objection or at argument, nor raised before the Magistrate Judge, the Court finds Plaintiffs have waived this argument, and both parties have thus "acquiesced" to *de novo* review. See Plante v. Fleet Nat'l Bank, 978 F. Supp. 59, at 65 n.4 (D.R.I. 1997).

Operating Eng'rs, Local 150, AFL-CIO v. Ward, 563 F.3d 276, 282 (7th Cir. 2009).

An argument not raised before the Magistrate Judge may not be considered on *de novo* review. See Paterson-Leitch Co. v. Mass. Municipal Wholesale Elec. Co., 840 F.2d 985, 990-991 (1st Cir. 1988) ("an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate"); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4 (1st Cir. 1987) (District Court Judge properly refused to consider an argument which could have been, but inexplicably was not, presented to the magistrate in the first instance). The rationale behind the general rule is that the purpose of the Magistrate's Act is to relieve courts of unnecessary work; allowing new arguments to be brought up before the District Court would defeat that purpose. See Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980). Additionally, the rule that the District Court cannot review issues that were not raised before the Magistrate Judge is premised on the rule that the Court of Appeals does not review arguments not raised before the District Court unless a gross miscarriage of justice would occur or the arguments are so compelling that they would virtually assure appellant's success. See Johnston v. Holiday Inns, Inc., 595 F.2d 890, 894 (1st Cir. 1979). Therefore, the Court agrees that Defendant FW waived the cross-claim argument. Defendant FW is not without a

remedy, however, as it may be entitled to remove the matter again at a later time, on the basis of its cross-claim argument.

Assuming, without deciding, that a party may remove an action pursuant to 28 U.S.C. § 1442 based upon a cross-claim, there are several issues which would still need to be addressed. In order to assert the federal officer defense, Defendant FW must show that 1) it has a colorable federal defense; 2) it was acting under the direction of a federal officer; and 3) there is a causal connection between the acts taken under federal direction and the conduct for which the party has sued. See Holdren v. Buffalo Pumps, Inc., 614 F. Supp. 2d 129, 139-40 (D. Mass. 2009) (citing Mesa v. California, 489 U.S. 121, 131-32 (1989)). To begin, the Court notes that there is very little information in PIC's cross-claim that indicates a defending party could assert a federal officer defense. Indeed, it is highly questionable whether Defendant PIC's broad or model cross-claim would even survive a Bell Atl. Corp. v. Twombly analysis. 550 U.S. 544 (2007).

In its cross-claim, Defendant PIC alleges that the Plaintiff's disease and injuries were caused by the cross-claim defendants and that Defendant PIC is entitled to "contribution in tort under the Joint Tortfeasors Act of the State of Rhode Island" from each if it is found liable. R.I. Gen. Laws § 10-6-2 defines Joint Tortfeasors as "two (2) or more persons jointly or severally liable in tort for the same injury to person."

Here, Plaintiffs' Complaint limits the products allegedly causing Hopkins' injuries to those manufactured by defendants at Mobil Oil from 1946-1966 and Tucson Gas & Electric from 1966-1979. Arguably, Defendant PIC's present cross-claim could be interpreted to be limited by the four corners of Plaintiffs' Complaint. Therefore, PIC could only assert contribution for the injuries the Plaintiff sustained at Mobil Oil from 1946-1966 and Tucson Gas & Electric from 1966-1979. If that were the case, there would be no claim in Defendant PIC's cross-claim to which Defendant FW could assert the federal officer defense. While the Court does not address the merits of the cross-claim issue here, as the matter was waived, in the event that the parties attempt to remove again, these are questions that will need to be addressed at that time.

## IV.  Conclusion

For the reasons stated above, the Report and Recommendation of Magistrate Judge Almond is accepted and adopted pursuant to 28 U.S.C. 636(b)(1). Plaintiffs' Motion to Remand is GRANTED.


IT IS SO ORDERED.

_____
William E. Smith
United States District Judge
Date: 12|1|09